**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL NO: 5:06-CR-59 (HL)** |
| **vs.** : | |
| : | |
| **TOMMIE HUFF** : | |
| : | |

## PRELIMINARY ORDER OF FORFEITURE

As a result of the guilty verdict on Count One of the Superseding Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, Defendant Tommie Huff shall forfeit to the United States all property constituting, or derived from proceeds the Defendant obtained directly or indirectly, as a result of such violations.

The jury having determined that the government has established the requisite nexus between certain property and the aforesaid offense committed by the Defendant, the following property is subject to forfeiture: one 2001 Harley-Davidson Motorcycle; FLSTCI DOM; VIN 1HD1BWB1X1Y020846.

Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the property, and to conduct proper discovery in identifying, locating or disposing of the property in accordance with FED. R. CRIM. P. 32.2(b)(3).

Upon entry of this Order, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States Attorney General or his designee may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property.

Any person, other than the above-named defendant, asserting a legal interest in the  property may, within thirty (30) days of the final publication of notice, receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, www.forfeiture.gov, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of their alleged interest in the property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), incorporated by 28 U.S.C. § 2461.

**Pursuant to FED. R. CRIM. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment**.  If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

Any petition filed by a third-party asserting an interest in the property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the

Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third-party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

SO ORDERED, this 14th day of May, 2008.


*s/ Hugh Lawson*
HUGH LAWSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT


PREPARED BY:

s/DONALD L. JOHSTONO
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO: 397015