IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | 5:06-CR-59-HL |
| v. | : | |
| | : | |
| TOMMIE HUFF, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

This cause is before the Court upon Defendant Tommie Huff's motion for judgment of acquittal (doc. 131). See Fed. R. Crim. P. 29 (West 2008). The Court has given full consideration to the Defendant's motion, the Government's response, the complete trial transcript, and the law relevant to the issues presented. For the reasons stated below, the Defendant's motion for judgment of acquittal is denied.

Defendants Tommie Huff and Steve Deason were charged in Count One of the Superceding Indictment (doc. 4) with Conspiracy to Commit Wire Fraud, Mail Fraud and Bribery. After a jury trial, Tommie Huff and Steve Deason were convicted for, inter alia, Conspiracy to Commit Wire fraud and Bribery.

Defendant Tommie Huff now moves for a judgment of acquittal of arguing that there was insufficient evidence to support his conviction. Federal Rule of Criminal

1

Procedure 29(c) provides that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." On a motion for judgment of acquittal, the evidence must be viewed in light most favorable to the government in determining whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Molina, 443, F.3d 824, 828 (11th Cir. 2006). All reasonable inferences tending to support the governments case must be accepted. United States v. Barfield, 999 F.2d 1520, 1522 (11th Cir. 1993), cert denied, 522 U.S. 875 (1997).

"The elements of a conspiracy under 18 U.S.C. § 371 are (1) an agreement among two or more persons to achieve an unlawful objective; (2) knowing and voluntary participation in the agreement, and (3) an overt act by a conspirator in furtherance of the agreement." United States v. Hasson, 333 F.3d 1264, 1270 (11th Cir. 2003). The government is not required to prove that each alleged conspirator know of all the details of the conspiracy; it is enough to show that a defendant knew the essential nature of the conspiracy. U.S. v. Mulherin, 710 F.2d 731, 738 (11th Cir. 1983).

Huff argues that the evidence presented fails to offer sufficient proof of a single conspiracy between Huff and Deason. Specifically, Huff argues that the jury's verdict on Court One should not survive because the government only proved, at best, a "hub-and-spoke" conspiracy. In this type of conspiracy "the core conspirators are the hub and each group of co-conspirators form a spoke leading out from the center in

different directions," U.S. v. Chandler, 388 F.3d 796, 807 (11th Cir. 2004), but there is "no rim to connect the spokes into a single scheme." Id.  By analogy, Huff argues that the Harpers constituted the center hub, while Huff and Deason both constituted separate spokes, thus failing to form a single conspiracy.

In determining whether a jury could have found a single conspiracy, this Court considers: (1) whether a common goal existed; (2) the nature of the underlying scheme; and (3) the overlap of the participants.  United States v. Calderon, 127 F.3d 1314, 1327 (11th Cir. 1997) (internal citations omitted).  "If a defendant's actions facilitated the endeavors of other co-conspirators, or *facilitated the venture as a whole* a single conspiracy is established.  It is irrelevant that the particular co-conspirator did not participate in every stage of the conspiracy." U.S. v. Moore, 525 F.3d 1033, 1042 (11th Cir. 2008) (internal citations and quotations omitted).  But when knowledge to an overall scheme is absent, a defendant cannot be said to have agreed to the conspiracy.  Chandler, 388 F.3d at 806.

In response, the Government provides a detailed recitation of the evidence introduced at trial as to Count One.  Deason and Huff were both employees of the Robins Air Force Base ("RAFB") and were provided, essentially, government issued credit cards, to order certain supplies for the RAFB.  The Harpers, who first met Deason in 1999, owned a business which provided those supplies to the RAFB.  Deason, who was a long-time friend of Huff, later introduced Huff to Shannon Harper.  Both Huff and Deason placed fraudulent orders with the Harpers in order to receive

3

kickbacks in the form of cash and tangible items. The fraudulent orders and fraudulent billings were carried out in the same manner by Huff and Deason. They visited the Harpers business to pick up items individually and together. Testimony also established that on several occasions Huff facilitated orders on behalf of Deason, for which Deason would pick up.[1] Furthermore, in September 2002, Huff and Deason went on a hunting expedition together with Jimmy Harper, who, as the Government argued, paid for the entire trip as a bribe to ensure future business from Huff and Deason.

Viewing the evidence in light most favorable to the Government, this Court finds that there was sufficient evidence for a reasonable juror to find that the Government proved the existence of a single conspiracy beyond a reasonable doubt. Therefore, Defendant's motion for Judgment of Acquittal is **DENIED**.

---

[1] Deason owned a fishing supply store, which evidence showed benefitted from items that were fraudulently ordered. Contrary to what Huff argues, the Government did not suggest that no items were ever properly ordered by Huff and Deason for the RAFB through the Harpers. However, the evidence presented at trial, viewed in the light most favorable to the Government, does demonstrate that some items ordered by Huff on behalf of Deason were not legitimate orders for the RAFB, but rather personally benefitted Deason.

**SO ORDERED**, this 27th day of October, 2008.

*s/ Hugh Lawson*

**HUGH LAWSON, Judge**

wjc